

1700 Market Street, Suite 1005 • Philadelphia, PA 19103
Tel: 610-994-1137 •  Fax: 610-200-6272

Rebecca K. McDowell, Esquire
email:  rmcdowell@slgcollect.com

March 10, 2022

**Via ECF Only**
Hon. Ashely M. Chan
U.S. Bankruptcy Court
Eastern District of Pennsylvania
900 Market Street, Suite 204
Philadelphia, PA 19107

RE:     Shawn Lewis Holloway
        Case No.: 20-12650-AMC
        Our File No. 32465

Dear Judge Chan,

This firm represents Santander Bank, N.A. ("Santander") with respect to the above-referenced debtor, Shawn Lewis Holloway ("Debtor"). Santander is a secured creditor of Debtor by virtue of a judicial lien on all real property owned by Debtor in Philadelphia County ("Judgment Lien"). Santander's claim is $54,163.93. See Claim No. 19 on the Claims Register.

Debtor owns two properties in Philadelphia: 1817 N. 52nd St., which is Debtor's principal residence ("52nd St. Property"); and 3108 N. Bambrey St., which appears to be an investment property ("Bambrey Property") (collectively "Properties"). Debtor does not dispute that Santander's Judgment Lien attaches to both Properties; however, he has filed a Motion to Determine Secured Status of Claim No. 19 filed by Santander Bank, N.A., and to Modify the Claim Pursuant to Section 1322(b)(2) of the Bankruptcy Code ("Motion"), to be heard before the Court on March 30, 2022 ("Motion").

As set forth in Santander's opposition to the Motion filed January 24, 2022 ("Opposition"), Debtor did not attach any supporting documents to the Motion; however, his counsel did provide some comparables to the undersigned thereafter. Debtor values the 52nd St. Property at $130,000 and the Bambrey Property at $45,000.

Santander has obtained its own appraisals and files this Supplement to the Opposition to present these valuations to the Court and argue that its claim must be paid in full as a secured claim, with interest.

**SL SALDUTTI**
L A W   G R O U P

1700 Market Street, Suite 1005 • Philadelphia, PA 19103
Tel: 610-994-1137 • Fax: 610-200-6272

Rebecca K. McDowell, Esquire
email: rmcdowell@slgcollect.com

### A. Santander is Fully Secured by the 52nd St. Property

As set forth in the attached appraisal of the 52nd St. Property, the appraised value of such property is $245,000 using the comparable sales approach. See Exhibit A. As of June 16, 2020 ("Petition Date"), according to the City of Philadelphia's Office of Property Assessment, the assessed value of the 52nd St. Property was $153,500 based upon the City's mass appraisal method. See Exhibit B.

The 52nd St. Property is subject to a first mortgage in favor of Freedom Mortgage with a balance of $83,049.78 (see Claim No. 7 on the Claims Register). Based upon the appraisal, the equity in the 52nd St. Property is $161,950.22; based upon the assessed value, the equity is $70,450.22.[1]

The comparable sales provided by Debtor lack support in light of the more thorough comparables performed by Santander's appraiser and the assessment made by the City of Philadelphia. Santander avers that Debtor has not met his burden with respect to the value of the 52nd St. Property, and to the extent that he has provided support for his valuation, Santander's appraisal and the City of Philadelphia's assessment sufficiently rebut Debtor's valuation such that the true valuation of the 52nd St. Property is such that Santander must be paid in full.

However, even if Debtor's valuation of $130,000 is accepted, the equity in the 52nd St. Property beyond the first mortgage balance is $46,950.22, and Santander's Judgment Lien attaches to that equity. The remaining balance of Santander's claim, $7,213.71, is secured by the Bambrey Property, as set forth below.

### B. Santander is Partially Secured by the Bambrey Property

As set forth in the attached appraisal of the Bambrey Property, the appraised value of such property is $125,000 using the comparable sales approach. See Exhibit C. As of the Petition Date, according to the City of Philadelphia's Office of Property Assessment, the assessed value of the Bambrey Property was $68,200 based upon the City's mass appraisal method. See Exhibit D.

The Bambrey Property is subject to a first mortgage in favor of TruMark Financial Credit Union, which Debtor avers has a balance of $29,189.81 as of December 1, 2021.[2] The Bambrey Property is also subject to a water/sewer lien in favor of the City of Philadelphia in the amount of $8,286.06 (see Claim No. 20 on the Claims Register). Based upon the appraisal, the equity in the Bambrey Property is $87,524.13; based upon the assessed value, the equity is $30,724.13.

---

[1] Debtor has an exemption in the 52nd St. Property in the amount of $23,675; however, the Motion seeks to modify Santander's claim pursuant to Section 1322 rather than avoid the lien pursuant to Section 522(f), and so the exemption is irrelevant to the calculation.

[2] TruMark has not filed a proof of claim, but Debtor's counsel provided documentation to the undersigned.



Rebecca K. McDowell, Esquire
email:  rmcdowell@slgcollect.com

Like with the 52nd St. Property, Debtor's valuation of the Bambrey Property lacks support when compared to the City's assessment and Santander's Appraisal. Santander avers that the equity in the 52nd St. Property is $70,450.22 - $161,950.22, more than sufficient to pay Santander's claim, and the Bambrey Property's equity is $30,724.13 - $87,524.13, more than sufficient to make up the difference if the Court accepts Debtor's valuation of the 52nd St. Property.

Debtor's valuation of the Bambrey St. Property at $45,000 leaves equity of $7,524.13.

Even if the Debtor's valuations of both Properties are accepted, the total equity of both Properties using Debtor's values is **$54,474.35**, which exceeds Santander's claim by $310.42. Therefore, Santander's claim must be paid in full.

**C. Payment in Full with Interest is Required under 11 U.S.C. §§ 506(a), 506(b), and 1325(a)(5)(B)**

In the event the Court accepts Santander's appraisals, or even the City's assessments of market value, as to the Properties, then Santander must be paid in full with interest. Section 1325(a)(5)(B) provides that to be confirmed, a plan must provide for payment to a secured creditor of the full value of its claim. Pursuant to Section 506(a), a claim is secured to the extent of the value of the creditor's interest in the property, and pursuant to Section 506(b), oversecured creditors must be paid interest on their claims. As set forth above, Santander's valuations as well as the City's valuations reveal that Santander is oversecured with respect to the 52nd St. Property and therefore, Santander's claim must be paid in full, with interest, through the Plan.

Respectfully submitted,
SALDUTTI LAW GROUP


*/s/ Rebecca K. McDowell*
REBECCA K. MCDOWELL, ESQUIRE


CC:    All Parties on the Attached Certificate of Service